IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerardo Navejas De La Cruz, | No. CV-06-1708-PHX-NVW (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Warden Hetner, et. al, | |
| Respondents. | |

This matter arises on Petitioner's Amended Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 alleging that Petitioner's aggravated sentences violate *Blakely v. Washington*, 524 U.S. 296 (2004) because the aggravating factors were not submitted to a jury and proved beyond a reasonable doubt. (docket # 8) Respondents have filed an answer (docket # 17) to which Petitioner has replied. (docket # 20)

## FACTUAL AND PROCEDURAL BACKGROUND

On February 15, 2002, the State of Arizona filed an indictment in Maricopa County Superior Court charging Petitioner with one count of armed robbery (Count 1), one count of burglary in the first degree (Count 3, renumbered as Count 2 at trial), two counts of aggravated assault (Counts 5 and 7, renumbered as Counts 3 and 4 at trial), and one count of theft of a means of transportation (Count 9, renumbered Count 5 at trial)[1]. (docket # 17)

The case proceeded to trial and a jury found Petitioner guilty of all counts.

---

[1] The remaining counts in the indictment pertained to Petitioner's co-defendant. (Respondents' Exh. J)

1  (Respondents' Exh. K)  On September 16, 2002, the trial court[2] sentenced Petitioner to an

2  aggravated term of 12 years' imprisonment for Count 1, an aggravated term of 12 years'

3  imprisonment for Count 2, the presumptive term of 7.5 years' imprisonment for Count 3, and

4  an aggravated term of 17 years imprisonment for Count 4.  (Respondents' Exh. L)

5        Petitioner sought review in the Arizona Court of Appeals.  On June 5, 2003, the appellate

6  court affirmed Petitioner's convictions and sentences in a memorandum decision. (Respondents'

7  Exh. N)  Petitioner did not seek review in the Arizona Supreme Court. (Respondents' Exh. O)

8        In the meantime, on March 13, 2003, Petitioner filed a notice of post-conviction relief.

9  (Respondents' Exh. P) The court appointed Petitioner counsel who subsequently advised the

10 court that he was unable to find any issues to raise in a petition for post-conviction relief.

11 (Respondents' Exhs. Q, R, S, U)   Thereafter, Petitioner filed a *pro se* petition for post-

12 conviction relief on December 17, 2003.  (Respondents' Exh. V) Petitioner claimed that he had

13 been denied effective assistance of counsel but did not include any arguments or evidence in

14 support of his claims.  (*Id.*)  On September 30, 2005, the trial court dismissed the petition for

15 post-conviction relief for failure to comply with Arizona Rule of Criminal Procedure 32.5.

16 (Respondents' Exh. W-Z)

17       Thereafter, on July 10, 2006, Petitioner filed a petition for writ of habeas corpus. (docket

18 #1) With leave of Court, Petitioner filed an amended petition for a writ of habeas corpus on

19 February 23, 2007 alleging that his aggravated sentences violate *Blakely*.  The Amended

20 Petition is now fully briefed and ready for review.

## ANALYSIS

**I.  Statute of Limitations**

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") went into effect drastically altering the time limit imposed on state prisoners filing habeas corpus petitions in federal court. Before the AEDPA, virtually no time limit restrained the filing

---

[2] The Honorable Warren J. Granville presided.

- 2 -

of federal habeas petitions. *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1286 (9th Cir. 1997) (*Beeler*), *cert. denied*, 523 U.S. 1, and *cert. denied*, 523 U.S. 1061 (1998), *overruled in* part on other grounds by *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, *cert. denied*, 119 S.Ct. 1377 (1999). The AEDPA established a one-year period in which to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1).

Title 28 U.S.C. § 2244 provides, in pertinent part:

(D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The limitation period shall run from the latest of-

(A) the date on which the judgment became *final by conclusion of direct review* or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A)(emphasis added). The running of the one-year limitations period is tolled during the time which a properly filed application for post-conviction relief or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2); *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004)(holding that, upon the filing of the notice of post-conviction relief, "Arizona's mechanism for post-conviction relief is set in motion" and hence the notice is "sufficient to toll the AEDPA statute of limitations.") An application for post-conviction relief is properly filed when its "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

To assess the timeliness of Petitioner's Petition for Writ of Habeas Corpus, the Court must first determine the date on which Petitioner's conviction became "final by conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). On June 5, 2003, the Court of Appeals issued its memorandum decision denying Petitioner's direct appeal. (Respondents' Exh. N) Petitioner had thirty days in which to file a petition for review in the Arizona Supreme Court. Ariz.R.Crim.P

32.9(c). Because Petitioner never sought review in the Arizona Supreme Court, his conviction became final on July 7, 2003, when the time for seeking such review expired. *Hemmerle v. Schriro*, ___ F.3d___, 2007 WL 2050945, * 3 (9th Cir., July 19, 2007)(holding that where a

1 prisoner does not seek discretionary review in the Arizona Supreme Court, a direct appeal is
2 "final" upon the expiration of the time for seeking review in the Arizona Supreme Court, not
3 on the date the Court of Appeals' mandate issues.)

4   Accordingly, the AEPDA limitations period commenced on July 8, 2003 but was
5 immediately tolled because Petitioner had filed a notice of post-conviction relief on March 13,
6 2003. (Respondents' Exh. P) The statute of limitations remained tolled until the trial court
7 dismissed Petitioner's petition for post-conviction relief on September 30, 2005. (Respondents'
8 Exh. Z) Petitioner did not petition the Arizona Supreme Court for review, therefore the statute
9 of limitations commenced on October 1, 2005 and would have expired on or about October 1,
10 2006. Petitioner filed his original § 2254 petition on July 12, 2006. (Docket # 1) Accordingly,
11 the pending § 2254 petition is timely.

12 **II. Exhaustion and Procedural Default**

13   Respondents assert that Petitioner's *Blakely* claim is procedurally defaulted and barred
14 from federal review because he never presented that claim to the State courts. (docket #12)

15   **A.  Legal Principles**

16   Pursuant to 28 U.S.C. § 2254(b)(1), before a federal court may consider a state
17 prisoner's application for a writ of habeas corpus, the prisoner must have exhausted available
18 state court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To properly exhaust
19 state remedies, the prisoner must have afforded the state courts the opportunity to rule upon
20 the merits of his federal constitutional claims by "fairly presenting" them to the state courts in
21 a procedurally appropriate manner. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Baldwin v.*
22 *Reese*, 541 U.S. 27, 29 (2004) (stating "[t]o provide the State with the necessary 'opportunity,'
23 the prisoner must 'fairly present' her claim in each appropriate state court...thereby alerting the
24 court to the federal nature of the claim.").

25   To fairly present a claim, a habeas petitioner must cite, in state court, to the specific
26 constitutional guarantee upon which he bases his claim in federal court. *Tamalini v. Stewart*,
27 249 F.3d 895, 898 (9th Cir. 2001). General appeals to broad constitutional principles, such as

28

- 4 -

due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial"). Similarly, a mere reference to the "Constitution of the United States" does not preserve a claim. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts . . . ." *Lyons*, 232 F.3d at 668. A state prisoner does not fairly present a claim to the state court if the court must read beyond the petition or brief filed in that court to discover the federal claim. *Baldwin*, 541 U.S. at 27. In summary, a "petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005)(citations omitted).

Where a prisoner fails to "fairly present" a claim to the state courts in a procedurally appropriate manner, state court remedies may be "exhausted." This type of exhaustion is often referred to as "procedural default" or "procedural bar." *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991); *Coleman*, 501 U.S. at 731-32. There are two categories of procedural default. First, a state court may have applied a procedural bar when the prisoner attempted to raise the claim in state court. *Nummemaker*, 501 U.S. at 802-05. Second, the state prisoner may not have presented the claim to the state courts, but pursuant to the state courts' procedural rules, a return to state court would be "futile." *Teague v. Lane*, 489 U.S. 288, 297-99 (1989). Generally, any claim not previously presented to the Arizona courts is procedurally barred from federal review because any attempt to return to state court to properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b); *Beaty v. Stewart*, 303

- 5 -

F.3d 975, 987 (9th Cir. 2002); *State v. Mata*, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); Ariz. R. Crim. P. 32.9 (stating that a petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time-barred. *Beaty*, 303 F.3d at 987; *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

In either case of procedural default, federal review of the claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish cause, a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Id.* The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id.* To establish prejudice, a prisoner must demonstrate the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). Where petitioner fails to establish cause, the court need not reach the prejudice prong. To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

### B. Application of Law to Petitioner's Claims

Respondents argue that Petitioner never raised his *Blakely* claim in any state court and therefore it is procedurally defaulted. (docket #17)

- 6 -

1  The Court agrees. Review of the record reveals that Petitioner never presented his *Blakely* claim to the State courts. (Respondents' Exhs. M, V) Petitioner's failure to present this claim renders it technically exhausted and procedurally defaulted because he cannot now return to state court to present this claim. The "deadlines" for seeking post-conviction review in the state court have "long passed." *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989)(affirming the district court's dismissal of a habeas corpus petition because petition lacked a "currently available state remedy at the time of the federal petition."); Ariz. R. Crim. P. 32.4 (providing a notice of post-conviction relief "must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later.")

Because Petitioner's *Blakely* claim is procedurally defaulted, federal review is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *House v. Bell*, 126 S.Ct. 2064, 2076-77 (2006); *Bradshaw v. Richey*, 546 U.S. 74 (2005); *Moorman v. Schriro*, 426 F.3d 1044, 1058 (9th Cir. 2005)(stating "[a] prisoner who fails to comply with state procedures cannot receive federal habeas corpus review of a defaulted claim unless the petitioner can demonstrate either cause for the default and resulting prejudice, or that failure to review the claims would result in a fundamental miscarriage of justice.") To establish cause, a petitioner must show some objective external factor impeded his efforts to comply with the state's procedural rules. *Id.* The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). To establish prejudice, a petitioner must demonstrate the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Petitioner has not established cause for his procedural default. Petitioner's status as an inmate and lack of legal knowledge do not constitute cause for his failure to present his claim to the Arizona courts. *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir.

1986)(finding an illiterate *pro se* petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988)(finding petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause.)

Likewise, Petitioner has not satisfied the "fundamental miscarriage of justice" standard because he has not shown it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence. . . . Given the rarity of [reliable] evidence [of actual innocence], in virtually every case, the allegation of actual innocence has been summarily rejected.") (internal quotation marks and citations omitted); *Dretke v. Haley*, 541 U.S. 386, 393 (2004)(reaffirming the "fundamental miscarriage of justice" standard as a "narrow exception" which only applies where "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense.")(quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Because Petitioner's *Blakely* claim is procedurally defaulted and he fails to establish a basis to excuse his default, federal habeas corpus review is barred. Moreover, Petitioner is not entitled to habeas corpus relief because *Blakely* does not apply retroactively on collateral review.

**III.  Petitioner's *Blakely* Claim**

In addition to being procedurally defaulted, Petitioner's claim fails because *Blakely* does not apply retroactively to cases that were final on direct review before *Blakely* was decided on June 24, 2004. *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005)(holding that *Blakely v. Washington* does not apply retroactively to a conviction that was final before that decision was announced.).

Because Petitioner never sought review in the Arizona Supreme Court following his direct appeal, his conviction became final on July 7, 2003, when the time for seeking such

- 8 -

review expired. *Hemmerle v. Schriro*, ___ F.3d___, 2007 WL 2050945, * 3 (9th Cir., July 19, 2007). Thus, Petitioner's conviction was final before *Blakely* was decided and, therefore, the rule announced in *Blakely* does not apply retroactively to Petitioner's case. *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004); *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005)(holding that the "Supreme Court announced a new rule in *Blakely v. Washington* that does not apply retroactively to a conviction that was final before that decision was announced" and hence "the State court's sentencing decision cannot be challenged in a petition for writ of habeas corpus.")

**IV. Conclusion**

In summary, because Petitioner's *Blakely* claim is procedurally barred and Petitioner has not established any basis for to overcome that bar, the Petition should be denied. Alternatively, the Petition should be denied because *Blakely* does not apply to retroactively to Petitioner's case.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (docket # 8) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment

entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 26th day of July, 2007.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge